UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN LAMONT KING JR.,

    Plaintiff,

v.

WARDEN ADAM OGLE, et al.,

    Defendants.

CIVIL ACTION NO. 1:24-CV-2058

(SAPORITO, J.)
(BLOOM, C.M.J)

## ORDER

Now before the court is a report and recommendation of United States Chief Magistrate Judge Daryl F. Bloom, in which he recommends that the plaintiff's amended complaint (Doc. 14) be partially dismissed with prejudice and partially dismissed without prejudice. (Doc. 16).

Upon review of the plaintiff's complaint, Judge Bloom found that majority of the plaintiff's claims arise out of his pending state criminal trial in York County.[1] Therefore, Judge Bloom recommends that the Court abstain from considering the plaintiff's claims until the conclusion

---

[1] Judge Bloom notes that these claims include the plaintiff's "'Due Process' claims—which allege bias by the state court judge, a violation of the 'mailbox rule' by the York County Court of Common Pleas, violations of his speedy trial rights and right to be free from excessive bail; and false arrest claims against Dauphin County Probation and Kyle Pitts." (Doc. 16, at 10).

of the state court proceedings under the *Younger* abstention doctrine, "a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). He notes that dismissal of these claims should be without prejudice. Moreover, while Judge Bloom found that the plaintiff asserted a claim for a violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983, he also found that the plaintiff failed to allege sufficient facts to state a claim for that violation. Judge Bloom recommends dismissal of this count with prejudice as the plaintiff has already had an opportunity to amend his complaint and further amendment to the complaint would be futile.

The plaintiff has filed his objections to Judge Bloom's report and recommendation. (Doc. 17). We have conducted a de novo review of the contested portions of the report, but find the plaintiff's objections to be unpersuasive and without merit. *See* 28 U.S.C. § 636(b)(1); *United States v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022). Therefore, we conclude that following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested

portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied "that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. We find Judge Bloom's analysis to be well-reasoned and fully supported by the record and applicable law. Accordingly, the court will adopt the report and recommendation in its entirety as the decision of the court.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Bloom (Doc. 16) is **ADOPTED**;

2. The plaintiff's claims concerning his York County criminal case are **DISMISSED without prejudice** to the plaintiff reasserting those claims at the conclusion of his state court proceedings; and

3. The remainder of the plaintiff's claims are **DISMISSED with prejudice**.

4. The Clerk shall mark this case **CLOSED.**

Dated: May __7__, 2025

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge